UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
CITY OF ST. CLAIR SHORES POLICE AND : Civil Action No. 1:22-cv-05011-LGS
FIRE RETIREMENT SYSTEM, Individually :
and on Behalf of All Others Similarly Situated, : CLASS ACTION
:
                      Plaintiff, : MEMORANDUM OF LAW IN SUPPORT
: OF MOTION FOR APPOINTMENT AS
    vs. : LEAD PLAINTIFF AND APPROVAL OF
: LEAD PLAINTIFF'S SELECTION OF
UNILEVER PLC, ALAN JOPE, RITVA : LEAD COUNSEL
SOTAMAA, NILS ANDERSEN, YOUNGME :
MOON, GRAEME PITKETHLY, LAURA :
CHA, JUDITH HARTMANN, ANDREA :
JUNG, SUSAN KILSBY, STRIVE :
MASIYIWA, JOHN RISHTON, and FEIKE :
SIJBESMA, :
:
                     Defendants. :
:
---------------------------------------------------------------x

**I.      INTRODUCTION**

This action asserts claims pursuant to the Securities Exchange Act of 1934 ("1934 Act") against defendants on behalf of all those who purchased or acquired the American Depositary Receipts ("ADRs") of Unilever PLC ("Unilever" or the "Company") between September 2, 2020 and July 21, 2021, inclusive (the "Class Period"). In securities class actions like this, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Westchester Teamsters Pension Fund and Teamsters Local 456 Annuity Fund (the "Teamsters Funds") should be appointed lead plaintiff because they filed a timely motion, have a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Teamsters Funds' selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

**II.     FACTUAL BACKGROUND**

Unilever is a British multinational consumer goods company. Ben & Jerry's ice cream is one of Unilever's marquee brands, which remains a wholly owned subsidiary of Unilever with an independent board addressing Ben & Jerry's Social Mission. In July 2020, Ben & Jerry's board passed a resolution to end sales of Ben & Jerry's products in areas that the board considers to be Palestinian territories illegally occupied by Israel.

The complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that in July 2020, Ben & Jerry's board passed a

- 1 -

resolution to end sales of its ice cream in "Occupied Palestinian Territory" as well as the risks attendant to the board's decision. Additionally, Unilever's description of its legal risks was materially false and misleading because Unilever acknowledged that complying with all applicable laws and regulations was important but omitted discussing Ben & Jerry's boycott decision, which risked adverse governmental actions for violations of laws, executive orders, or resolutions aimed at discouraging boycotts, divestment, and sanctions of Israel adopted by 35 U.S. states ("Anti-BDS Legislation").

On July 19, 2021, Unilever and its hand-picked Ben & Jerry's CEO, Matthew McCarthy, finally "operationalized" the Ben & Jerry's board's resolution to boycott Israel. Ben & Jerry's announced on its website and through its Twitter account that, upon the expiration of the current licensing agreement by which its products had been distributed in Israel for decades, Ben & Jerry's would end sales of its ice cream in what they refer to as "Occupied Palestinian Territory" but Ben & Jerry's would purportedly continue to sell its products in Israel. On this news, the price of Unilever ADRs fell.

Then, on July 22, 2021, CNBC reported that the states of Texas and Florida were examining Ben & Jerry's actions in connection with the states' Anti-BDS Legislation. In addition to condemnation of Ben & Jerry's boycott by Texas Governor Greg Abbott, CNBC reported that Texas State Comptroller Glenn Hegar, who controls billions of dollars in assets for Texas' public pension funds, had already told his office to take action. Similarly, the state of Florida's CFO Jimmy Patronis, who controls Florida's public pension funds, told CNBC that his office was already discussing the issue. In a letter reportedly sent to Ben & Jerry's CEO, Patronis wrote: "It is my belief that Ben & Jerry's brazen refusal to do business in Israel will result in your placement on the Scrutinized Companies that Boycott Israel List." ECF 1 at ¶66. The letter also stated that Florida

would then "be prohibited from investing in Ben & Jerry's or its parent company, Unilever." *Id.* Being added to the list also meant that Unilever would not be able to enter or renew contracts with the state or any municipality in Florida. On this news, the price of Unilever ADRs fell more than 5%, further damaging investors.

Ultimately, the states of New York, New Jersey, Florida, Texas, Illinois, Colorado, and Arizona announced decisions to divest their pension fund investments in Unilever due to violations of their Anti-BDS Legislation.

### III.   ARGUMENT

#### A.   The Teamsters Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on *Business Wire* on June 15, 2022. *See* Exhibit A attached to the Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

- 3 -

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Cabrera v. Tahoe Resources Inc.*, 2017 WL 11569560, at *1 (S.D.N.Y. Sept. 26, 2017). The Teamsters Funds meet these requirements and should be appointed Lead Plaintiff.

### 1. The Teamsters Funds' Motion Is Timely

The June 15, 2022 statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by August 15, 2022. *See* Rosenfeld Decl., Ex. A. Because the Teamsters Funds' motion has been filed by the statutory deadline, they are eligible for appointment as lead plaintiff. *Cabrera*, 2017 WL 11569560, at *1.

### 2. The Teamsters Funds Have a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Teamsters Funds purchased Unilever ADRs and suffered approximately $159,612 in losses as a result of defendants' alleged violations of the 1934 Act. *See* Rosenfeld Decl., Exs. B, C. To the best of the Teamsters Funds' counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. The Teamsters Funds Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this early stage of litigation, only typicality and adequacy are pertinent. *Cabrera*, 2017 WL 11569560, at *2.

The Court should be satisfied that the Teamsters Funds have made a preliminary showing of typicality and adequacy of representation in this case. The Teamsters Funds seek to bring the same

- 4 -

securities claims as alleged in the complaint and their interests are closely aligned with the rest of the putative class. The Teamsters Funds, having suffered substantial losses, are highly motivated to represent the putative class adequately. And, as affiliated institutional investors, the Teamsters Funds have the resources and experience to ensure capable advocacy for the benefit of putative class members, and are the type of investor Congress intended to lead securities class actions.

Because the Teamsters Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the most adequate plaintiff.

### B. The Court Should Approve the Teamsters Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Teamsters Funds have selected Robbins Geller to serve as lead counsel in this case.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion

---

[1] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *Am. Realty*, No. 1:15-mc-00040-AKH ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery).[2]  And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon Robbins Geller's experience and track record as counsel in securities class actions, the Teamsters Funds' selection of lead counsel is reasonable and should be approved.

---

[2]   Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.  *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (represented lead plaintiff CalPERS in obtaining $925 million recovery which is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

IV.     **CONCLUSION**

The Teamsters Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Teamsters Funds respectfully request that the Court grant their motion.

DATED: August 15, 2022           Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

        *s/ David A. Rosenfeld*
        DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
RICHARD W. GONNELLO
420 Lexington Avenue, Suite 1832
New York, NY 10170
Telephone: 212/432-5100
rgonnello@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
TRICIA L. MCCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 7 -

        BLITMAN & KING LLP
        JONATHAN M. CERRITO
        800 Troy-Schenectady Road, 2nd Floor
        Latham, NY  12110-2424
        Telephone:  518/785-4387
        518/785-9264 (fax)
        jcerrito@bklawyers.com

        Additional Counsel for Proposed Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 15, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
  & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4883-9248-0301.v1

# Mailing Information for a Case 1:22-cv-05011-LGS City of St. Clair Shores Police and Fire Retirement System v. Unilever PLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard William Gonnello**
  rgonnello@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jay B. Kasner**
  jkasner@skadden.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **Mackenzie Grey Newman**
  mackenzie.newman@skadden.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Susan Leslie Saltzstein**
  ssaltzst@skadden.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`